JOHN H. FLACH, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 12809.    Promulgated September 14, 1928.

*Hugo Platz, Esq.*, for the petitioner.
*Clark T. Brown, Esq.*, for the respondent.

### OPINION.

MARQUETTE: The question here involved is whether the two pieces of real estate, purchased and improved by the petitioner and his wife before their marriage, were community property at the time of their sale in 1921.

The sections of the California Civil Code which are applicable are as follows:

161. A husband and wife may hold property as joint tenants, tenants in common, or as community property.

162. All property of the wife, owned by her before marriage, and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is her separate property.

163. All property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is his separate property.

164. All other property acquired after marriage by either husband or wife, or both, * * * is community property.

\*          \*          \*          \*          \*          \*          \*

853. When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made.

55. Marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making that contract is necessary. Consent alone will not constitute marriage; it must be followed by a solemnization authorized by this code.

It is apparent, when we consider the facts of this proceeding in the light of the above statutes, that the property in question did not become community property at the time of its purchase. In order

to create community property in California there must first be a valid, subsisting marriage. See *In re Spencer*, 82 Cal. 110; 23 Pac. 37.

This, then, was separate property at the time of the petitioner's marriage. By the terms of the statute, sections 162 and 163, *supra*, it remained so. The fact of marriage does not change the status of the property. See *Pepper's Estate*, 158 Cal. 619; 112 Pac. 62. But, it is claimed by the respondent, some of the later payments reducing the amount of the mortgages were made after marriage, out of earnings of the petitioner; and these earnings were by the law of California, community property. Granting that, we think it does not provide an alchemy sufficiently potent to change the status of the real estate. The record shows that, although after marriage the petitioner's earnings and the rentals from the property in question were commingled in one bank account, and that possibly at times a little of his earnings may have gone toward paying for the property, yet this amount was very slight; it shows that his earnings were only $19 a week when he was married and they never increased beyond $24 a week; and that the living expenses of the petitioner and his wife used up practically all that he earned. In *Estate of Cudsworth*, 133 Cal. 462; 65 Pac. 1041, it was stated that where an inconsiderable amount of community funds became confused with separate funds, the community funds took on the character of the separate funds—the larger estate. We think that is applicable here.

After the property was purchased in the name of the petitioner alone, and before the parties intermarried, the petitioner made a will, devising to Mrs. Koch one-half the property. This fact, the respondent thinks, indicates that the petitioner considered the property as his own. The record does not bear out this theory. The petitioner testifies that he made the will so as to protect Mrs. Koch's interest in case of his death. We think this is a reasonable explanation. The parties were not then married; the title to the property was in the petitioner alone; if he died prior to their marriage, Mrs. Koch might have difficulty in proving her interest in the property. The making of the will was the natural and logical act of a man who wished Mrs. Koch to have what was honestly due to her. In our opinion this property belonged to the petitioner and his wife as separate estates; but, the entire title being in the petitioner, a trust resulted in favor of Mrs. Koch. This status of the property continued after the owners had intermarried.

When the property was sold in 1921, a net profit of $9,200 was realized. Petitioner and his wife each filed a return for that year, each returning as income $4,600, or one-half the net profit. In each return the property was described as community property; under

Schedule C of the petitioner's return the total profit from the sale of the property is set out and one-half the amount is "credited to wife on separate return." Likewise, in the wife's return, under Schedule C, one-half the total profit is "credited to husband on separate return." Both returns are made out in the same handwriting; the signature sheets of the returns are not in the record. We have, however, the writing of both petitioner and his wife on some checks, and it is very evident that neither one of them made out either tax return. In any event, calling the property community property in the tax returns would not make it such, if, as we have seen, it was not community property under the law.

When the property was sold, it was the duty of the petitioner, as trustee for his wife, to turn over to her the net proceeds from her share of the property. Apparently this was done. There was, then, nothing upon which a deficiency could properly be based.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*